# Exhibit 10



December 1, 2021

**VIA ELECTRONIC MAIL**
dchiorean@odrlaw.com

Dan Chiorean
Odom & Des Roches, LLC
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

Bryan T. Pratt

2555 Grand Blvd.
Kansas City, Missouri
64108-2613
**t** 816.474.6550
**dd** 816.559.2225
**f** 816.421.5547
bpratt@shb.com

      Re:  *In re EpiPen Direct Purchaser Litigation,* C.A. No. 20-cv-00827 (ECT/TNL)-Subpoena to Non-Party Amneal Pharmaceuticals, LLC

Dear Mr. Chiorean,

Plaintiffs' subpoena still makes over **ninety-three requests for documents** to Amneal.  Amneal is not a party to this litigation – and according to Plaintiffs' counsel – "a victim of the Defendants."  Now, Plaintiffs want to punish Amneal by continuing to seek nearly every document created regarding Non-Party Amneal's unrelated product (and every document from two predecessor companies) in the hope that one of those documents can establish a "scheme" between Mylan and pharmacies purchasing Mylan's product (not Amneal's product).

Amneal has already spent over $50,000 responding to Plaintiffs' requests, and produced a significant number of documents – including the entire document production from the United States District Court of Kansas anti-trust litigation (another non-party subpoena). Amneal respectfully requests Plaintiffs stop pursuing any further requests against Amneal.

Non-Party Amneal never had any role with Mylan's EpiPen, manufactured a different product, never had any role in any "scheme" between Mylan and pharmacies about Mylan's EpiPen.  **Importantly, Plaintiffs' Complaint does not allege any wrong-doing by Amneal.**  Indeed, Non-Party Amneal did nothing wrong.  Plaintiffs' counsel has always agreed.  In fact, Plaintiffs' counsel Dan Chiorean openly claimed Amneal was a victim of the Defendants' "scheme."

Amneal has produced documents and demonstrated that Non-Party Amneal's Epinephrine Auto-injector is the authorized generic of Adrenaclick, and that Adrenaclick has not been manufactured since 2013.  Non-Party Amneal's generic Epinephrine Auto-injector is a completely different product from Mylan's EpiPen.  Indeed, Amneal's product is **not** a generic to Mylan's EpiPen.  Patients need separate training and instructions on these two products.  There is no dispute that Amneal's product is different than Mylan's EpiPen, and is not a generic to Mylan's EpiPen.

In addition to having a different product, Amneal was never any part of an alleged "scheme" between Mylan and pharmacies.  Even if Plaintiffs review every single document

4892-0560-4357 v1

ATLANTA | BOSTON | CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | LOS ANGELES | MIAMI | NEW YORK |
ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.



December 1, 2021
Page 2

created by Amneal, Impax, and Amedra – the documents would have no value whatsoever to whether Mylan "schemed" with anyone regarding its EpiPen (not the product sold by Amneal, Impax, and Amedra). As you have stated, Plaintiffs want Amneal documents in the hopes that Amneal employees will become expert-type witnesses to establish market conditions. But, of course, Plaintiff should (and will) pay actual experts for this same exact information.

Furthermore, as you know, Amneal only started selling its Epinephrine Auto-injector in May 2018. Amneal had no role whatsoever with respect to the Epinephrine Auto-injector before May 2018. A company called Impax Laboratories, Inc. ("Impax") sold the Epinephrine Auto-injector from 2015 until it was acquired by Amneal in May 2018. A company called Amedra (exact entity name unknown) sold the Epinephrine Auto-Injector from 2012-2015. Impax and Amedra entered into a transaction in 2015. Amneal had no role in the transaction. Each of these three companies had distinct corporate structures, standard operating procedures, employees, computer systems, databases, and everything else.

Amneal has a two-year document retention policy. If there are any Impax or Amedra documents related to the unrelated Epinephrine Auto-Injector, they would be outside the two-year document retention policy, and would only be on old archives. And, since Plaintiffs continue seeking essentially every document in any way related to three different companies' various epinephrine products going back nine years – it is impossible to even begin a reasonable search for documents – because any search would not limit any responsive documents.

Plaintiffs' letter references "compromises." But the "compromises" are not actually compromises. Because, the same documents are requested throughout Plaintiffs' requests. Plaintiffs have never limited any requests to any custodian – despite the organization charts produced from the Kansas non-party subpoena. In addition, Plaintiffs have never meaningfully narrowed any of the 96 discovery requests – which contain overlapping broad requests for every single document. During our meet and confers – Plaintiffs have been unable to identify epinephrine documents they did **not** want.

It would be extraordinarily expensive and time-consuming to hire an outside vendor to restore archives, conduct searches, review for responsive non-privileged documents, and produce all documents – all for three different companies. Amneal has already spent over $50,000 responding to Plaintiffs' subpoena. Amneal expects it to cost from several hundred thousand dollars into the millions of dollars to respond to Plaintiffs' requests.

Plaintiffs also refuse to pay any of Non-Party Amneal's attorney fees, vendor fees and costs, and the costs to recover data from Amneal, Impax, and Amedra's respective databases and operating systems. It is patently unfair and not proportional to force Non-Party Amneal to undertake significant litigation fees in the likely 0% chance that Amneal's documents provide evidence of a "scheme" between Mylan and pharmacies about Mylan's product.

4892-0560-4357 v1

ATLANTA | BOSTON | CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | LOS ANGELES | MIAMI | NEW YORK |
ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.



December 1, 2021
Page 3

We are committed to continuing a dialogue to address specific and targeted information that is relevant to the parties' claims, and proportional to the needs of the case. Non-Party Amneal has already expended considerable fees, costs, time, and expenses for a case where Amneal was already a victim. Non-party Amneal respectfully requests Plaintiffs to stop seeking any further documents in a case that does not involve Amneal in any way.

Very truly yours,

Bryan T. Pratt
Partner

BTP:al

4892-0560-4357 v1