UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rochester Drug Co-Operative, and Dakota Drug, Inc., | File No. 22-mc-0007 (ECT/JFD) |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Mylan Inc., et al., | |
| Defendants, | |
| Amneal Pharmaceuticals LLC, | |
| Respondent. | |

Amanda Leah Hass, Andrew Kelly, Chris Letter, Dan Chiorean, Stuart Des Roches, and Thomas Maas of Odom & Des Roches LLC, New Orleans, LA; Bruce E. Gerstein, Jonathan M. Gerstein, and Joseph Opper of Garwin Gerstein & Fisher LLP, New York, NY; David C. Raphael, Jr. and Susan C. Segura of Smith Segura Raphael & Leger, LLP, Alexandria, LA; E Michelle Drake and John Parron of Berger Montague PC, Philadelphia, PA for Plaintiffs Rochester Drug Co-Operative, and Dakota Drug, Inc.

Bryan Pratt and Elliott M. Davis of Shook, Hardy & Bacon LLP, Washington, D.C.; and Keiko L. Sugisaka of Maslon LLP, Minneapolis, MN for Respondent Amneal Pharmaceuticals LLC.

In a case brought under RICO and the Sherman Act, § 2—*In re EpiPen Direct Purchaser Litig.*, No. 20-cv-827 (ECT/JFD) (D. Minn.)—Plaintiffs served a document subpoena on non-party Amneal Pharmaceuticals. After negotiations regarding Amneal's response to the subpoena broke down, Plaintiffs commenced this miscellaneous action seeking to compel Amneal to produce documents. Magistrate Judge John F. Docherty resolved Plaintiffs' motion to compel, *see* Order [ECF No. 32], and Amneal has lodged

objections to two aspects of Magistrate Judge Docherty's Order. (1) Amneal objects to Magistrate Judge Docherty's decision to require Plaintiffs to bear 20% of the costs arising from Amneal's production of documents from its current storage system. (2) Amneal says that Magistrate Judge Docherty ordered Amneal to produce documents Plaintiffs did not request in their subpoena. Amneal's objections will be overruled because Magistrate Judge Docherty's Order is neither clearly erroneous nor contrary to law.

This case derives from a larger putative class-action suit about the price of EpiPens, *In re EpiPen Direct Purchaser Litig.*, No. 20-cv-827 (ECT/JFD) (D. Minn.). Defendants Mylan Inc. and Mylan Specialty L.P. (together "Mylan") manufacture medical devices called EpiPens, a type of epinephrine auto injector that can be used to inject a life-saving dose of epinephrine into a person having a severe allergic reaction. Plaintiffs, on behalf of a proposed class of pharmaceutical wholesalers, allege that Mylan paid bribes and kickbacks to a group of three Pharmacy Benefit Managers (or "PBMs") in exchange for favorable placement in the lists of insurance-covered drugs and devices that the PBMs prepared for their clients, also known as formularies. ECF No. 5 at 4–5. Plaintiffs claim Mylan and the PBM Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), and that Mylan violated the Sherman Act, 15 U.S.C. § 2.

Plaintiffs served the at-issue subpoena on Amneal, a Mylan competitor, in the hope of obtaining evidence to support their RICO and Sherman Act claims. Amneal manufactures and markets the Adrenaclick AG, an epinephrine-auto-injector device that competes with EpiPen. ECF No. 32 at 4. Plaintiffs claim that Mylan's concerns over new

competition from Adrenaclick and another epinephrine-auto-injector product prompted it to devise the bribery and kickback scheme. *See In re EpiPen Direct Purchaser Litig.*, 2021 WL 147166, at *1, *3 (D. Minn. Jan. 15, 2021). They allege that although Adrenaclick had a lower price than EpiPen during the alleged bribery and kickback scheme, EpiPen's price rose from $219 to $609 without concern from Mylan that it would lose its market advantage. ECF No. 32 at 5. Under Plaintiffs' theory, the scheme resulted in Adrenaclick being excluded from the PBM Defendants' formularies, thus allowing Mylan to increase the price of EpiPens while maintaining its market share. *In re EpiPen*, 2021 WL 147166, at *3.

The original subpoena included seven numbered requests (not counting subparts). Three of those requests—numbers 3, 4, and 5, as narrowed through negotiations between Plaintiffs and Amneal—are the subject of Plaintiff's motion to compel. Request 3 is as follows:

> Documents and communications in the Relevant Time Period relating to Amneal's views about (1) pricing strategies for Amneal's EAI Drug Device; (2) the impact of changing price on formulary placement, coverage, sales, revenue, and profits, and PBMs' correlating actual or potential reactions; (3) Amneal's ability to manufacture its EAI Drug Device and supply the market; and (4) strategies for achieving formulary placement for Amneal's EAI Drug Device[.]

ECF No. 32 at 4. Requests 4 and 5 have been combined into one paragraph as follows:

> Any agreements, offers, or negotiations with the PBM Defendants in this case or their related entities (i.e. Express Scripts, OptumRx, Caremark, CVS and any other corporate parents or affiliates)[.]

*Id.*

3

Magistrate Judge Docherty granted Plaintiffs' motion to compel in part. ECF No. 32 at 31. He held that "responsive productions to [Request For Production] Nos. 3-5, as modified for relevance and proportionality by this Order pursuant to Rules 26(b) and 45(d)(1), should be made by Amneal." *Id.* at 29. These included "Amneal's observations about its proposed agreements, offers, or negotiations with the PBM Defendants." *Id.* at 19. Amneal was not, however, required to produce any materials within the control of the PBM Defendants, or any materials relating to entities that are not parties to *In re: EpiPen*. *Id.* at 16, 28. Plaintiffs were also ordered to pay 80% of the costs to recover materials held in a legacy storage system predating Amneal's current storage system, and pay 20% of the costs to produce materials in Amneal's current storage system. *Id.* at 30.

Review of a magistrate judge's ruling on a nondispositive issue is extremely deferential and must be modified or set aside only if it is "clearly erroneous or contrary to law." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008); 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. § 72(a); D. Minn. L.R. § 72.2(a)(3). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (citations and internal quotations omitted).

Amneal first objects to Magistrate Judge Docherty's decision to shift (only) 20% of the costs related to production of materials in Amneal's current storage system. Amneal argues that this aspect of the decision is clearly erroneous and contrary to law and that all

4

production costs for these materials should be shifted to Plaintiffs. ECF No. 52 at 11, 14. Rule 45 says that if a non-party is compelled to comply with a production or inspection order, "the order must protect [the non-party] from significant expense resulting from compliance." Fed. R. Civ. P. §§ 45(d)(2)(B)(i)-(ii). Amneal cites multiple out-of-circuit cases to support its contention that cost-shifting is mandatory. *See, e.g.*, *Rhea v. Apache Corp.*, 833 F. App'x 186, 190 (10th Cir. 2020). These cases provide that a district court is to assess whether the expenses to the non-party are "significant," and if they are, shift enough of the expenses to the party seeking discovery to render them "non-significant." *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001).

Amneal has not shown that its cost is so significant as to render Magistrate Judge Docherty's order clearly erroneous or contrary to law. "Whether a subpoena imposes significant expense on a non-party depends on the circumstances of a particular case." *Cedar Rapids Lodge & Suites, LLC v. Seibert*, No. 14-cv-4839, 2018 WL 3019899 (D. Minn. June 18, 2018) (quotations omitted) (explaining that a non-party may be required to bear either some or all of its expenses when equity demands it). Magistrate Judge Docherty apportioned to Plaintiffs 80% of the production expenses for the "costliest part" of Amneal's production expenses—those from Amneal's legacy databases. ECF No. 32 at 27. Amneal, in turn, was apportioned 80% of the expenses to produce documents from its current storage system. *Id.* at 30. Magistrate Judge Docherty shifted costs in this way as the expense to produce documents from the legacy databases "is significant because of how these archived documents are stored." *Id.* at 26. In contrast, the expenses Amneal bears to produce documents from its current storage system are "not as great." *Id.* at 30. "In

5

determining whether a subpoena imposes a significant expense, courts also consider a non-party's financial ability to bear the costs of production." *Cedar Rapids Lodge & Suites, LLC*, 2018 WL 3019899, at *2. As Magistrate Judge Docherty noted, both Amneal and Plaintiffs "are well-resourced, sophisticated entities." ECF No. 32 at 28. Amneal cites cases from other jurisdictions[1] in which particular dollar amounts were considered significant but provides no estimate of its future compliance expenses. *See* ECF No. 52 at 12 n.7. Amneal also argues that Magistrate Judge Docherty erred in his interpretation of Rule 45(d)(2)(B)(ii) by framing the issue in terms of undue burden, rather than significant expense. *Id.* at 13 (citing *Legal Voice*, 738 F.3d at 1184–85). This reading of Magistrate Judge Docherty's order ignores his finding that the expense to produce documents from the legacy databases is significant, ECF No. 32 at 26, while the expenses Amneal bears to produce documents from its current storage system are "not as great", *id.* at 30.

Amneal next objects to Magistrate Judge Docherty's decision to order Amneal to produce, as part of its response to Requests 4 and 5, "*Amneal's observations* about its proposed agreements, offers, or negotiations with the PBM Defendants . . . ." *See id.* (emphasis added). Amneal argues that Plaintiffs did not move to compel "Amneal's observations" about attempts to strike a deal with the PBM Defendants; rather, in Amneal's view, Plaintiffs moved to compel only the agreements, offers, or negotiations themselves. ECF No. 52 at 7. To support this position, Amneal identifies an exchange at oral argument in which Magistrate Judge Docherty suggested that he did not believe Requests 4 and 5

---

[1] Amneal identifies *United States ex rel. D'Anna v. Lee Mem'l Health Sys.* as a case from the District of Minnesota. 2022 WL 2047377 (D. Utah June 7, 2022). It is not.

6

called for internal Amneal documents. *Id.* at 7–8. Amneal argues, in other words, that Magistrate Judge Docherty erred by rewriting the requests and compelling the production of documents beyond their scope. *Id.* at 8.

This argument is not persuasive. In coming to this conclusion, Magistrate Judge Docherty evaluated Requests 4 and 5 within the broader context of Plaintiffs' requests. Specifically, Requests 4 and 5 were construed within the context of Request 3, which they were briefed and argued alongside. ECF No. 51 at 6. Magistrate Judge Docherty reasonably construed Requests 4 and 5 within this context to include Amneal's observations about attempts to strike a deal, as sought in Request No. 3. ECF No. 51 at 6; *see* ECF No. 32 at 19, 28. As he explained, the "negotiations of agreement and offers in [Request] Nos. 4–5 include Amneal's observations about those attempts to strike a deal as requested in [Request] No. 3." ECF No. 51 at 6. Amneal's views about proposed agreements, offers, or negotiations with the PBM Defendants are already conceivably requested in Request No. 3 alone, which calls for "Amneal's views about . . . the impact of changing price on formulary placement, coverage, sales, revenue, and profits, and PBMs' correlating actual or potential reactions." ECF No. 32 at 4.[2]

---

[2] It also seems worth noting that, as originally drafted, Request 4 sought, not merely "agreements, offers, or negotiations with the PBM Defendants in this case or their related entities," but documents "*regarding* negotiations with PBMs[]." ECF No. 3-1 at 9 (emphasis added).

7

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Respondent's Objections [ECF No. 52] are **OVERRULED** and Magistrate Judge Docherty's May 20, 2022 Order [ECF No. 32] is **AFFIRMED.**

Date:  October 14, 2022                    s/ Eric C. Tostrud
                                           Eric C. Tostrud
                                           United States District Court